I concur completely with Judge Cobb's dissent; however, I feel compelled to make some additional observations. By dissenting, I in no way wish to be seen as minimizing the trauma suffered by the families of the victims in this case. I recognize that the hurt caused by a traffic fatality is due our eminent respect, but so is the Constitution of this State.
Initially, I note that any defendant in this State is constitutionally guaranteed that the State will inform him or her of the crime with which he or she is charged — including the elements of that crime and the necessary scienter or degree of criminal intent required to commit that crime. See Lanier v. State, 733 So.2d 931, 936 (Ala.Cr.App. 1998) (stating that "[a]n indictment must include all the essential elements that constitute the offense, and it must not leave any element open to inference"). Additionally, each element must be so clearly articulated by the trial court to the jury in a jury trial that the jury at least is presented with the opportunity to understand the applicable law and to apply that law to the facts the jury finds. If the issue of criminal intent or lack thereof is vague or ambiguous, neither the trial court nor the jury can perform its function and administer justice.
The main opinion, with its conclusion that "`unlawfully,' as it is used in § 32-5A-192, *Page 586 
Ala. Code 1975, means `without legal excuse or justification,'" pulls and stretches bits and pieces of various legal definitions to attempt to arrive at a constitutionally definable state of mental culpability. However, the weaving is too thin, and like so many gossamer threads holding together an ethereal garment, the result is more apparent than real.
In trying to buttress the notion of "unlawfully" as a recognized state of mental culpability, the main opinion cites the Commentary to §13A-2-2, Ala. Code 1975, as authority for its conclusion. However, my reading of that paragraph sends me in the opposite direction. To me, the clear meaning of that paragraph is that the listed terms, which include "unlawful," are not beacons of light to guide and define various mental states but are rather terms providing quagmires of confusion, imprecision, and ambiguity. In short, there is no authority for defining "unlawfully" to include a state of mental culpability. "Unlawfully" simply defines an act or omission of conduct — nothing more.
Finally, I agree with Judge Cobb that § 32-5A-192, Ala. Code 1975, as written, makes what would otherwise be a traffic violation, i.e., a misdemeanor citation issued by a law enforcement officer, a felony due only to the fact that a death was proximately caused by the violation. The Alabama Supreme Court in Ex parte Long, 600 So.2d 982 (Ala. 1992), stated that vehicular homicide must reside in the continuum of the lesser included offenses of murder somewhere between criminally negligent homicide and manslaughter. Accordingly, the state of mental culpability for vehicular homicide is somewhere between aggravated or gross negligence — the required mental state for criminally negligent homicide — and recklessness — the required mental state for manslaughter. The main opinion requires nothing close to this level of mental culpability in its definition of "unlawfully." Essentially, the majority permits a felony conviction for a violation causing death that could be without either negligence or recklessness.
In conclusion, because I do not believe that the main opinion provides a clear and precise concept of the degree of mental culpability required under § 32-5A-192, Ala. Code 1975, I must dissent.